THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FAITH BENSON, individually and on behalf of all others similarly situated, | C.A.No.: 1:24-cv-01118-GBW |
| Plaintiff, | **DEFENDANT'S NOTICE OF SUBSEQUENT AUTHORITY** |
| vs. | |
| SIMPLENURSING, LLC, | |
| Defendant. | |

SimpleNursing, LLC ("Defendant") respectfully submits this Notice of Subsequent Authority pursuant to District of Delaware Civil Local Rule 7.1.2(b) to inform the Court of a recent decision issued by the United States Court of Appeals for the Second Circuit in *Solomon v. Flipps Media, Inc.*, that bears directly on the issues presented in this action and which this Court may consider relevant to Defendants' Motion to Dismiss the Amended Complaint. A copy of the Second Circuit's decision is attached as Exhibit A.

In *Solomon*, the Second Circuit analyzed whether the disclosure of the plaintiff's Facebook ID ("FID") through the Facebook Pixel constituted personally identifiable information ("PII") under the VPPA. *See* 136 F.4th 41, 54 (2d Cir. 2025). Applying the "ordinary person" standard, the standard adopted by this Circuit in *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262 (3d Cir. 2016), the *Solomon* Court held that the transmission of an FID via the Facebook Pixel did not violate the VPPA:

> Turning to the facts of this case, we consider whether the Complaint plausibly alleges that FITE's disclosure of Solomon's FID and video titles "would, with little or no extra effort, permit an ordinary recipient to identify [Solomon's] video-watching habits." *In re Nickelodeon*, 827 F.3d at 284. We conclude it does not.

1

> The information transmitted by FITE to Facebook via the Pixel's PageView is set forth in the "exemplar screenshot" reproduced in the Complaint. See page ―― supra; Joint App'x at 20. **The exemplar depicts some twenty-nine lines of computer code, and the video title is indeed contained in Box A following the GET request. The words of the title, however, are interspersed with many characters, numbers, and letters. It is implausible that an ordinary person would look at the phrase "title% 22% 3A% 22-% E2% 96% B7% 20The% 20Roast% 20of% - 20Ric% 20Flair" -- particularly if the highlighting in Box A is removed -- and understand it to be a video title. It is also implausible that an ordinary person would understand, "with little or no extra effort," the highlighted portion to be a video title as opposed to any of the other combinations of words within the code, such as, for example, "% 9C% 93% 20In% 20the% 20last% 20weekend% 20of% 20-July% 2C**." *Id*.; Joint App'x at 20.
>
> **Nor does the Complaint plausibly allege that an ordinary person could identify Solomon through her FID. Because the redacted sequence of numbers in the second line of Box B is not labeled, the FID would be just one phrase embedded in many other lines of code.** And if the numbers in the exemplar were not redacted, what an individual would see is, for example, a phrase such as "c_user=123456" or "c_user=00000000." **Although a section of the code in Box A does state "[h]ost: www.facebook.com," it is not plausible that an ordinary person, without the annotation of Box B, would see the "c_user" phrase on FITE's servers and conclude that the phrase was a person's FID.**
>
> **Notably, the Complaint lacks any details about how an ordinary person might access the information on the Pixel's PageView**. But even assuming, arguendo, that an ordinary person could somehow gain access to the Pixel's PageView, the Complaint is also devoid of any details about how an ordinary person would use an FID to identify Solomon. The Complaint merely states that entering "facebook.com/[Solomon's FID]" into any web browser would result in Solomon's personal Facebook profile, and that "[t]his basic method of accessing a person's Facebook profile is generally and widely known among the public." Joint App'x at 21. *But see In re Nickelodeon*, 827 F.3d at 283 ("To an average person, an IP address or a digital code in a cookie file would likely be of little help in trying to identify an actual person."). Accordingly, **we are not persuaded that an FID is "vastly different," Appellant Br. at 29, from the unique device identifiers in *Nickelodeon*, 827 F.3d at 262, or the Roku device serial numbers in *Eichenberger*, 876 F.3d at 979.**

136 F.4th at 54-55 (emphasis added)

The decision in *Solomon*, which is persuasive authority, reinforces Defendant's position

that this action cannot proceed. As in *Solomon*, here, Plaintiff alleges that Defendant disclosed her FID, phone number, and unique device information to Meta and TikTok via tracking pixels embedded on Defendant's website. *See* Amended Complaint ¶ 3, 4, 46, 64, 67, 78, 79, 81. The transmission of this information would only occur through similar lines of computer code as demonstrated in *Solomon*. Notably, the Amended Complaint does not explain how an ordinary person could access or interpret the code containing Plaintiff's FID, phone number, and unique device information that is purportedly transmitted to Meta and TikTok. For the reasons discussed in *Solomon*, the disclosure of Plaintiff's FID, phone number, and unique device information to Meta and TikTok would not be intelligible to an ordinary person and does not constitute a violation of the VPPA. Accordingly, the Amended Complaint must be dismissed with prejudice.

        Respectfully submitted,

        **GORDON REES SCULLY MANSUKHANI, LLP**

        /s/ Michael C. Heyden, Jr.
        Michael C. Heyden, Jr. (#5616)
        Joseph E. Brenner (#6643)
        824 N. Market Street, Suite 220
        Wilmington, DE 19801
        (302) 992-8955
        mheyden@grsm.com
        jbrenner@grsm.com

        -and-

        Brian E. Middlebrook, Esq. (*admitted pro hac vice*)
        Alexandra Sandler, Esq. (*admitted pro hac vice*)
        **GORDON REES SCULLY MANSUKHANI, LLP**
        One Battery Park Plaza, 28th Floor
        New York, NY 10004
        212-269-5500

        Justin Holmes, Esq. (*admitted pro hac vice*)
        **GORDON REES SCULLY MANSUKHANI, LLP**
        Three Logan Square
        171 Arch Street, Suite 610
        Philadelphia, PA 19103

Dated: June 10, 2025

212-561-2300

4

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on June 10, 2025, a copy of the foregoing document was served on all counsel of record via ECF.

/s/ Michael C. Heyden, Jr.
Michael C. Heyden, Jr. (#5616)
