THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FAITH BENSON, individually and on behalf of all others similarly situated, | C.A.No.: 1:24-cv-01118-GBW |
| Plaintiff, | **DEFENDANT'S NOTICE OF SUBSEQUENT AUTHORITY** |
| vs. | |
| SIMPLENURSING, LLC, | |
| Defendant. | |

SimpleNursing, LLC ("Defendant") respectfully submits this Notice of Subsequent Authority pursuant to District of Delaware Civil Local Rule 7.1.2(b) to inform the Court of a recent decision issued by the United States District Court for the Eastern District of Pennsylvania in *Mull v. Gotham Distributing Corp.*, that bears directly on the issues presented in this action and which this Court may consider relevant to Defendant's Motion to Dismiss the Amended Complaint. A copy of the decision is attached as Exhibit A.

In *Mull*, the Court dismissed the plaintiff's Video Privacy Protection Act ("VPPA") claim alleging that disclosure of his Facebook ID and video titles through the Meta Pixel constituted a disclosure of plaintiff's personally identifiable information ("PII") in violation of the VPPA. *See* No. 2:24-CV-06083, 2025 WL 2712215 (E.D. Pa. Sept. 22, 2025). In his Amended Complaint, the plaintiff included an image of an exemplar source code to illustrate the defendant's disclosures of his PII to Meta via the Meta Pixel. *Id.* The Court noted that the plaintiff did not specify in the Amended Complaint where his Facebook ID appeared in the "'strings of letters, symbols, and numbers, in the exemplar source code" transmitted to Meta. *Id.* Relying on the Second Circuit's

recent decision in *Solomon v. Flipps Media, Inc.*, 136 F.4th 41 (2d Cir. 2025), the Court noted that a Facebook ID and video title embedded in a computer code does not constitute PII because only a sophisticated company could decipher the information in the code, which does not satisfy the "ordinary person" standard adopted by the Third Circuit. *Id.* The Court held that to survive a motion to dismiss, a plaintiff must allege facts that would "permit an inference that an ordinary person – not a sophisticated technology company – could identify his video watching habits." *Id.* Because the plaintiff failed to do so based on the allegations in the Amended Complaint, the Court dismissed the VPPA related to the information allegedly disclosed via the Meta Pixel. *Id.*

Defendant previously submitted a Notice of Subsequent Authority regarding the Second Circuit's decision in *Solomon,* which is persuasive authority. The *Mull* decision provides even more compelling authority because it arises from within the Third Circuit. Like the plaintiff in *Mull*, Plaintiff here bases her VPPA claim on the alleged disclosure of her Facebook ID and phone number to Meta and TikTok via tracking pixels. The transmission of this information would only occur through similar lines of computer code as demonstrated in *Mull*. For the same reasons in *Mull*, the lines of computer code would not be decipherable to an ordinary person, and such allegations are insufficient to withstand a motion to dismiss. Accordingly, the Court should dismiss Plaintiff's Amended Complaint.

    Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

/s/ Michael C. Heyden, Jr.
Michael C. Heyden, Jr. (#5616)
Joseph E. Brenner (#6643)
824 N. Market Street, Suite 220
Wilmington, DE 19801
(302) 992-8955
mheyden@grsm.com
jbrenner@grsm.com

                                        -and-

Brian E. Middlebrook, Esq. (*pro hac vice forthcoming*)
Justin Holmes, Esq. (*pro hac vice forthcoming*)
Alexandra Sadler, Esq. (*pro hac vice forthcoming*)
**GORDON REES SCULLY MANSUKHANI, LLP**
One Battery Park Plaza, 28th Floor
New York, NY 10004

Dated: October 10, 2025        212-269-5500

## **CERTIFICATE OF SERVICE**

I, Michael C. Heyden, Jr., hereby certify that, on October 10, 2025, a copy of the foregoing document was served on all counsel of record via CM/ECF.

*/s/ Michael C. Heyden, Jr.*
Michael C. Heyden, Jr. (#5616)