# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| **FAITH BENSON**, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br><br>**SIMPLENURSING LLC**,<br><br>　　　　　　　　　Defendant. | Case No. 1:24-cv-01118-GBW |

## PLAINTIFF'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Faith Benson, by and through undersigned counsel, respectfully submits this Second Notice of Supplemental Authority to notify this Court of two decisions denying motions to dismiss based on similar allegations as present in this case. Those decisions are *Haines v. Cengage Learning, Inc.*, No. 1:24-cv-710, 2025 WL 2045644 (S. D. Ohio July 22, 2025) and *Nguyen v. Elsevier, Inc.*, No. 25-cv-00825-NC, 2025 WL 2901059 (N.D. Cal. Oct. 7, 2025). Plaintiffs further state as follows:

　　1.　　The *Haines* decision involved similar Meta Pixel and tracking technology allegations. The District Judge in *Haines* explicitly rejected the argument the defendant now makes, based on *Mull v. Gotham Distributing Corp.*, No. 24-6083, 2025 WL 2712215 (E.D. Pa. Sept. 22, 2025) [D.I. 25.] The judge concluded that "dismissing Plaintiff's claims based on the [preliminary] dismissal in [a separate case] is inappropriate." *See Haines*, 2025 WL 2045644, at *4. The court reasoned that the defendant's reliance was misplaced because the dismissal was "without prejudice, and that the plaintiff had since amended the complaint to include claims more similar to those here." *See id.* The defendant failed to mention that *Mull*'s dismissal order was also without prejudice, that the plaintiff had amended his complaint, and that he now includes Meta

Pixel allegations aligned with the claims in this case, such as identifying information on his Meta profile (where available in the code) and explaining how an ordinary person can interpret this information. Plaintiff could not have cited this authority previously because the opinion was issued on July 22, 2025, which was after the briefing had closed. A copy of the *Haines* opinion is attached hereto as **Exhibit A.** Therefore, this Court should adopt the approach taken by the well-reasoned and thorough court in *Haines*.

2. Additionally, the *Nguyen* decision involved similar Meta Pixel and tracking technology allegations. In *Nguyen*, the court observed that plaintiffs "allege[d] that each time Nguyen viewed a video on Osmosis, Elsevier disclosed to Meta in a single transmission her full name, email address, and the title of the video she viewed." *See* 2025 WL 2901059, at *4. Based on this observation, the Court parted from typical Facebook ID holdings and concluded that "[w]hen combined with information disclosing a consumer's video-watching behavior, **names and email addresses can identify a person** and therefore qualify as PII." *See id*. Because the Northern District of California is in the Ninth Circuit, which applies the same ordinary person test utilized by this Circuit, the *Nguyen* opinion offers concrete and persuasive authority to support Plaintiff's TikTok allegations in this case. Plaintiff could not have cited this authority previously because the opinion was issued on October 7, 2025, which was after the briefing had closed. A copy of the *Nguyen* opinion is attached hereto as **Exhibit B.**

|  |  |
|---|---|
| Dated: October 15, 2025 | **COOCH AND TAYLOR, P.A.** |
|  | */s/ R. Grant Dick IV* |
|  | R. Grant Dick IV (No. 5123) |
|  | Dean R. Roland (No. 6459) |
|  | 1000 North West St., Suite 1500 |
|  | Wilmington, DE 19801 |
|  | Telephone: (302) 984-3867 |
|  | Facsimile: (302) 984-3939 |
|  | gdick@coochtaylor.com |
|  | droland@coochtaylor.com |
|  |  |
|  | - and – |
|  |  |
|  | Elliot O. Jackson (admitted *pro hac vice*) |
|  | **HEDIN LLP** |
|  | 1395 Brickell Ave., Suite 610 |
|  | Miami, Florida 33131-3302 |
|  | Telephone:    (305) 357-2107 |
|  | Facsimile:    (305) 200-8801 |
|  | ejackson@hedinllp.com |
|  |  |
|  | *Counsel for Plaintiff and Putative Class* |